[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10515
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00254-PGB-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROWY DE JESUS VASQUEZ,
a.k.a. Weezy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 26, 2018)

Before ROSENBAUM, FAY, and JULIE CARNES Circuit Judges.

PER CURIAM:

Defendant Rowy Vasquez appeals his 360-month sentence after pleading guilty to one count of sex trafficking of a minor.  On appeal, Defendant argues that the district court violated Federal Rule of Criminal Procedure 32(h) by failing to provide adequate notice that it would impose a sentence above the advisory guideline range.  He also asserts that his sentence violates due process and is procedurally unreasonable because the sentence was based on unproven allegations.  After careful review, we affirm.

## I.     BACKGROUND

### A.     Facts[1]

In April 2015, Defendant met K.C., a 14-year-old who had recently run away from her parents' home.  Over the course of the next several weeks, Defendant caused K.C. to engage in commercial sex acts for his own financial gain and profit.  He manipulated K.C. into prostitution by providing her with drugs and alcohol.  He and another individual also had sex with K.C. to initiate her into the prostitution business.

To assist communication between K.C. and potential prostitution customers, Defendant provided her with an iPhone.  Defendant set the prices for K.C.'s services and advised K.C. to use condoms, not to let customers leave marks on her

---

[1] This factual background is taken from the facts Defendant admitted to during his plea colloquy and the undisputed facts in the Presentence Investigation Report.  *See United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989) ("The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing.").

body, and to avoid certain sex acts.  Defendant stayed with K.C. at a "trap" house where she met with customers obtained from online advertisements.  Defendant also rented hotel rooms for K.C. to meet with customers.  K.C. met with approximately 6 to 10 customers per day, resulting in daily earnings of approximately $1,000.  Defendant kept all of K.C.'s earnings.

Eventually, K.C. left Defendant and returned home after she was raped and assaulted by a customer.  However, she later reunited with Defendant, and he once again instructed her to engage in prostitution activities.  Following K.C.'s return, Defendant stood outside her hotel room with a gun for protection while she met with customers.

## B.    Procedural History

In December 2015, a federal grand jury charged Defendant with one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a), (b)(2) ("Count 1"), and one count of attempted sex trafficking of a second minor, in violation of 18 U.S.C. §§ 1591(a), (b)(2) and 1594 ("Count 2").  Defendant subsequently pled guilty to Count 1 pursuant to a written plea agreement, and in exchange, the Government agreed to dismiss Count 2.[2]

---

[2]  Although the plea agreement contained a sentence appeal waiver, it provided an exception if Defendant received a sentence above the advisory guideline range.  Defendant received a sentence above the guideline range in the present case.

3

In preparation for sentencing, the probation officer prepared the Presentence Investigation Report ("PSR").  The PSR assigned Defendant a base offense level of 30, pursuant to U.S.S.G. § 2G1.3(a)(2).  He also received:  (1) a two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B) because Defendant unduly influenced a minor to engage in prohibited sexual conduct; (2) a two-level enhancement under § 2G1.3(b)(3) because the offense involved the use of a computer; and (3) a two-level enhancement under § 2G1.3(b)(4)(A) because the offense involved a commercial sex act.  Defendant received a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 33.

The PSR assigned Defendant a criminal history category of IV.  The PSR also noted that Defendant had charges pending in the Southern District of New York for bank robbery and possession of a firearm in furtherance of a crime of violence.  Based on a total offense level of 33 and a criminal history category of IV, Defendant's range was 188 to 235 months' imprisonment.

Defendant filed objections to the PSR, challenging the two-level enhancement for undue influence.  He also objected to many of the PSR's factual statements pertaining to the present offense conduct.  In response to Defendant's objections, the probation officer issued a revised PSR that removed the two-level enhancement for undue influence.  This resulted in an amended total offense level of 31 and a guideline range of 151 to 188 months' imprisonment.

4

At the sentencing hearing, the district court asked Defendant if he had any objections to the factual accuracy of the PSR. Defendant stated that with the removal of the enhancement for undue influence, he had no objections to the factual accuracy of the PSR. The court then adopted the statements of fact in the PSR and confirmed the guideline range of 151 to 188 months' imprisonment.

After hearing from Defendant, members of Defendant's family, and the prosecutor, the district court stated the factors it had considered in reaching its sentencing decision. Although the court noted Defendant's supportive family and his youth as mitigating factors, the court identified many other troubling, aggravating factors. First, the court noted that Defendant had a lengthy criminal record, which started when he was a juvenile, and that by the time he was in his early 20s, Defendant had joined a wing of the "notorious" Bloods gang.

As to the offense conduct, the court observed that Defendant had acted as a predator in his dealings with the 14-year-old K.C., and the court went into great detail as to the specific predatory behavior Defendant engaged in, which the court remarked on as being "simply horrific." Specifically, Defendant had forced a troubled 14-year-old girl to engage in nonconsensual sexual activity for money (that Defendant kept) at least 144 times.[3] The court also mentioned that Defendant often stood guard with a gun outside the hotel room where he was forcing K.C. to

---

[3] On one occasion, a "customer" had raped and assaulted K.C.

5

prostitute herself, which itself heightened "the propensity for violence in these events." On other occasions, Defendant armed a 15-year-old prostitute with a knife to guard K.C. Defendant struck K.C. whenever she spoke back to him. The court also noted that Defendant had a history of drug sales and drug use, as well as a history of firearm possession.

Finally, citing examples, the court explained that in cases where there had been sexual exploitation of a minor, it had often imposed sentences that were "considerably higher" than the sentence the Government had recommended in the present case, which recommendation was for a bottom of the Guideline-range sentence of 151 months.[4] Concluding with the observation that "sexual exploitation of children is perhaps one of the most horrific crimes that I can personally imagine," and articulating the § 3553(a) factors, the court imposed a 360-month sentence of incarceration.

Defendant objected to the substantive reasonableness of the court's above-guidelines sentence. Defendant has now appealed, but on appeal he no longer argues that the sentence imposed was substantively unreasonable: that is, that the sentence is too long. Instead, he makes two other arguments that were not raised at sentencing: (1) that the district court should have given him advance notice that it

---

[4] The Government indicated that it recommended this sentence because Defendant had agreed at an early stage of the proceedings to plead guilty, which spared the emotionally-troubled minor girls whom he had prostituted the burden of having to testify at trial.

was upwardly departing from the Guidelines and (2) that the sentence was procedurally unreasonable because, in violation of Defendant's due process rights, the district court based its sentence on unreliable information.

## II.    DISCUSSION

### A.    Federal Rule of Criminal Procedure 32(h)

Defendant first argues that the district court essentially imposed an upward departure without providing the required notice under Federal Rule of Criminal Procedure 32(h).  Because Defendant raises his lack of notice argument for the first time on appeal, our review is for plain error.  *See United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) ("Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error.").  In order for this Court to notice plain error, there must be:  "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights" and "(4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013) (alteration accepted) (quotations omitted).

Rule 32(h) provides that a district court "must give the parties reasonable notice" before it "depart[s] from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission."  Fed. R. Crim. P. 32(h).  Although Rule 32(h) requires that a court

provide notice of its intent to impose a departure, it does not require a court to provide notice of its intent to impose an upward variance based on the 18 U.S.C. § 3553(a) factors.[5] *Irizarry v. United States*, 553 U.S. 708, 714 (2008).  To determine whether a sentence imposed outside of the guideline range constitutes a departure or a variance, we consider "whether the district court cited to a specific guideline departure provision and if the court's rationale was based on [the court's] determination that the Guidelines were inadequate."  *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009).

Here, Defendant cannot show that the district court erred plainly or otherwise by failing to provide notice under Rule 32(h) because the district court imposed a variance, not a departure.  Defendant appears to assert that the district court's reference to his extensive criminal history shows that it effectively imposed an upward departure under U.S.S.G. § 4A1.3.  Section 4A1.3 of the Sentencing Guidelines provides in relevant part that the court may impose an upward departure if a defendant's criminal history category significantly underrepresents his criminal history.  U.S.S.G. § 4A1.3(a).

---

[5]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

Although the court mentioned Defendant's lengthy criminal history, it did not cite to § 4A1.3, or any other specific guideline departure provision for that matter. Moreover, the court stated that the Guidelines were "inadequate" and that it did not intend to follow the Guidelines given its consideration of several § 3553(a) factors, including the seriousness of the offense and the need to promote respect for the law, to provide just punishment for the offense, and to protect the public from Defendant's future crimes. The district court's reasoning and its lack of reference to a specific guideline departure provision indicates that it applied a variance, not a departure. *See Kapordelis*, 569 F.3d at 1316 (concluding that the court imposed a variance rather than a departure, where the court did not cite a specific guideline provision and based the defendant's above-guidelines sentence on the § 3553(a) factors). Significantly, the court noted in the statement of reasons that it was imposing a variance based on several of the § 3553(a) factors.

Because the district court imposed a variance and not a departure, it was not required to provide notice under Rule 32(h). Defendant therefore cannot show error, much less plain error.

### B.    The District Court's Finding Regarding History of Firearms Possession

As noted above, Defendant does not challenge the substantive reasonableness of his 360-month sentence; stated another way, he does not argue that the sentence was too long. Instead, he argues that the district court's sentence

9

was procedurally unreasonable because it violated Defendant's due process rights. Specifically, in explaining the reasons why it imposed the particular sentence on Defendant, the district court mentioned, as one of many considerations,[6] that Defendant "[has] a history of firearm possession." Defendant argues that in making this statement, the court must have been improperly relying on unsupported allegations: namely prior arrests that were later *nolle prossed* and Defendant's pending charges in the Southern District of New York. Such reliance, Defendant argues, violates a defendant's due process rights.

Yet, Defendant never made this objection to the district court, which could have clarified its basis for the statement. The Government therefore argues that we should review this argument only for plain error. We agree. We have held that procedural-reasonableness arguments raised for the first time on appeal are reviewed for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). *See also United States v. Candelario*, 240 F.3d 1300, 1306 (11th Cir. 2001) ("If the defendant . . . does not raise the constitutional objection . . . he is entitled only to plain error review.").

To establish a due process violation based on the district court's reliance on false or unreliable information, the defendant must show that the evidence is

---

[6] The district court's explanation of its reasons occupies 6 pages and 160 lines in the transcript of the sentencing hearing. The isolated reference to Defendant's "history of firearm possession" occupies only one of those lines.

10

materially false or unreliable, and that it actually served as the basis for the sentence. *United States v. Reme*, 738 F.2d 1156, 1167 (11th Cir. 1984). Thus, we first look at the evidentiary basis for the district court's statement that there is a history of firearm possession.

As to Defendant's pending bank robbery charge in the Southern District of New York, the district court did not reference that as a consideration in its imposition of sentence when the court explained its reasoning for the particular sentence. It is true that at the beginning of the proceeding—prior to hearing from Defendant or the Government as to their recommendations on a sentence—the court had alerted Defendant to some of its concerns in order to allow the latter to address them in his presentation. Specifically, the court was concerned about the fact that Defendant was a drug dealer and a member of a gang; that Defendant may have attempted to influence the testimony of the minor witnesses while he was in jail; that Defendant had initiated one of the victims into the prostitution business by having sex with her himself, at the outset and later; that Defendant "routinely carried a gun" during his supervision of the prostitution activities; that, according to one of the minor victims, Defendant had discharged a gun in the direction of a home occupied by someone who owed him a drug debt; by a pending bank robbery case in which Defendant had been charged and in which a firearm had been discharged; and about a pattern of violence, including testimony from M.K. that

11

Defendant had struck K.C. and had sometimes struck M.K. and threatened her with force. The court asked defense counsel to address these matters to help the court put them into context.

Defense counsel responded as to the pending bank robbery charge, noting that Defendant had not yet been convicted on that charge, that he was presumed innocent, and that the court should not consider that charge in any way. He further assured the court that, at any rate, he had spoken to the United States Attorney in the New York case and that the latter did not believe that Defendant carried or discharged a firearm during the robbery. After that response, the bank robbery charge was never mentioned again by anyone nor referenced by the district court in its explanation of the reasons for its sentence.

As to the district court's concern that Defendant had perhaps tried to influence the minor witnesses while in jail, the prosecutor and defense counsel offered a benign explanation as to the conduct leading to the court's concern. After that explanation, this particular matter was likewise never mentioned again during the hearing, nor was it referenced by the court as a reason for its sentence. Defense counsel did not specifically respond to the court's other concerns.[7]

---

[7] In its own presentation, the Government noted that Defendant's "criminal history is serious," starting when Defendant was a juvenile, after which Defendant "graduated to violent crimes at age 18 and 19, when he was convicted in two separate cases of domestic violence." There was no objection by Defendant as to the prosecutor's comments.

12

Defendant cannot show that the district court erred, much less plainly erred, by concluding that he had a history with firearms because this finding was supported by the undisputed facts in the PSR. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a [PSR] admits those facts for sentencing purposes.").

With respect to those facts, the PSR noted that Defendant directed law enforcement to the gun that had been in his possession, had guns around him "all the time," sometimes waited outside of K.C.'s hotel room with a gun for protection, and had been witnessed shooting at someone based on a drug dispute. Although Defendant initially objected to these factual statements, he withdrew these objections at the sentencing hearing and therefore the district court was entitled to rely on them. *See United States v. Horsfall*, 552 F.3d 1275, 1283–84 (11th Cir. 2008) (explaining that a defendant waives a sentencing objection by affirmatively withdrawing that objection at the sentencing hearing); *Wade*, 458 F.3d at 1277.

In short, there was ample evidentiary support for the district court's conclusion that that Defendant had a history of firearm possession, without any need to consider the pending bank robbery charge. Moreover, the district court never referenced that pending charge as a basis for its sentence.

Nevertheless, even if Defendant could establish error that was plain, he still cannot show that the district court's finding that he had a history with firearms affected his substantial rights. The third prong of the plain error test requires the defendant to show that the error "affected the outcome of the district court proceedings." *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (quotations omitted). Because the district court's statement regarding Defendant's history with firearms was only one of numerous factors that it considered when imposing Defendant's sentence, Defendant cannot meet his burden. *Cf. Vandergrift*, 754 F.3d at 1312 (explaining that the defendant could not show that his substantial rights were violated because the district court's reliance on an improper factor was only a "minor fragment" of its reasoning).

The district court indicated that in making its sentencing decision, the court had considered the § 3553(a) factors, including the seriousness of the offense, Defendant's extensive criminal history (at the age of 26, he already had a category IV criminal history), and the need to promote respect for the law, to provide just punishment for the offense, and to protect the public from the future crimes of Defendant. Notably, the district court stated that it would have imposed a sentence higher than 360 months' imprisonment if Defendant had not entered an early guilty plea. Clearly what, in large part, drove the sentence was conduct toward these minor girls that the district court concluded to be horrific. Indeed, the court

14

mentioned that it had repeatedly imposed sentences beyond what was requested by the Government in cases involving the sexual exploitation of a minor.  In short, Defendant has not shown that he is entitled to relief.

## III.    <u>CONCLUSION</u>

For the reasons discussed above, Defendant's sentence is **AFFIRMED**.

15